# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LILIANA BEATRIZ MALAVE,**

      **Plaintiff,**

v.                                                          Case No: 6:21-cv-1831-RBD-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying her application for a period of disability, disability insurance benefits, and supplemental security income. In a decision dated April 23, 2014, Claimant was found to be disabled beginning on June 4, 2013. R. 585. On February 7, 2018, the Social Security Administration determined that Claimant was no longer disabled as of February 1, 2018. On August 14, 2018, the Social Security Administration upheld that decision. A hearing was conducted upon Claimant's request and on November 29, 2019, the Administrative Law Judge (ALJ) issued an unfavorable decision. The Appeals Council denied the request for review.

Claimant appealed and on November 23, 2020, the Court reversed and remanded the case for further administrative proceedings. While that appeal was pending, Claimant filed a new application for a period of disability and disability insurance benefits. The claim was denied initially and upon reconsideration. While Claimant's request for a hearing was pending, the Appeals Council remanded the case to the ALJ for further proceedings. On May 28, 2021, a

hearing was held and the ALJ found that Claimant was not disabled and issued an unfavorable decision. Claimant's appeal is pending before the Court.

Having considered the parties' memoranda and being otherwise fully advised, the undersigned **RECOMMENDS** that the Commissioner's decision be **REVERSED** and **REMANDED**.

I.   **Issues on Appeal**

Claimant raises two issues on appeal:

1. Whether the ALJ's finding that medical improvement occurred as of February 1, 2018, is based on the correct legal standards, and supported by substantial evidence; and

2. Whether the ALJ complied with the Appeals Council's Remand Order.

Doc. 26.

II.   **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

III.   **Discussion**

The Court will solely address Claimant's second challenge to the ALJ's decision because it is dispositive of the appeal. Clamant argues that the case is due to be remanded for further proceedings because the ALJ failed to comply with the Appeals Council's remand order. On December 21, 2020, the Appeals Council issued an Order of Appeals Council Remanding Case to

Administrative Law Judge (Appeals Council's Remand) with certain instructions regarding the prior evidence and comparison point decision. R. 691. The Appeals Council's Remand also stated the following:

> The claimant filed a subsequent claim for Title II disability benefits on February 14, 2020. The Appeals Council's action with respect to the current electronic claims renders the subsequent claim duplicate. Therefore, the Administrative Law Judge will consolidate the claims files, associate the evidence, and issue a new decision on the consolidated claims (20 CFR 404.952 and HALLEX I-1-10-10).
>
> In compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing, *address the evidence which was submitted to the Appeals Council*, take any further action needed to complete the administrative record and issue a new decision.

R. 692 (emphasis added to the original).

Claimant contends that when she filed her request for review with the Appeals Council in 2019, she submitted additional evidence from APRN Oliveira. Doc. 26 at 27. Specifically, Claimant states that on December 26, 2019, APRN Oliveira provided a letter confirming that Claimant had been in psychiatric treatment since July 9, 2019 "at this office." The document, entitled "Diagnosis Letter," states that Claimant has been diagnosed with "Bipolar disorder, current episode depressed, severe, without psychotic features;" agoraphobia with panic disorder; and post-traumatic stress disorder, chronic. R. 1123, Ex. B14F. The letter includes a list of medications and dosages and includes the following comments:

Patient has Hx/o psychiatric treatment since 19y/o.

> Transferred care to Impower in 7/9/19.
> Patient receiving treatment for Bipolar disorder, Agoraphobia with Panic disorder, PTSD.
> Patient also has other chronic medical conditions.
> Patient seen by this provider monthly or sooner if necessary.
> Patient receiving medication to address Depression, Anxiety, Panic, PTSD.
> Patient taking Klonopin 1 mg twice a day as needed for panic attacks.
> Patient reports several panic attacks a week.
> Patient does not leave her home due to Agoraphobia.
> Patient is unable to work due to her psychiatric diagnosis.

R. 1123.

Claimant argues that despite the Appeals Council's clear directive to consider this evidence, the ALJ failed to even mention it in the decision. Doc. 26 at 27. With respect to ARNP Oliveira, the ALJ found the following:

> Treatment notes from Suemi Oliveira, ARNP dated July 9 and 31, 2019 indicate that the claimant continued to report depression and anxiety but denied inattention, irritability, aggressive or defiant behavior, harmful thoughts, self-harming, hallucinations, and delusions. She reported 5 hours of sleep per night. The exam recorded a healthy appearance and normal speech, mood/affect, and thought processes with intact memory, no impairment in attention/concentration, intact fundamentals of knowledge and adequate insight/judgment (Exhibit B12F/3-4 and B28F/4-5).
>
> Exams from Suemi Oliveira dated October 29, November 27, and December 26, 2019 record similar findings. The October and November exams were normal. A December exam was normal except a depressed/anxious mood and appearance with a constricted appropriate affect (Exhibit B21F/1-23). Monthly exams dated January 2020 through March 2021 contain similar findings (Exhibit B21F/24-143 and B28F-B29F). The Claimant reports fairly significant symptoms but the provider notes that she is stable on medication and objective exam signs are not consistent with the alleged severity of symptoms. At worst, she has a depressed, anxious, and tense appearance, mood and affect. However, she is well groomed and cooperative with good eye contact. Her speech is normal. Her thought processes and content are normal. She was alert and oriented in all spheres. She did not appear sedated. There is no psychosis, hallucination, delusions, or harmful thoughts. Her memory is intact. Her attention and concentration is not impaired. At times, the provider simultaneously records attention and concentration as both impaired and not impaired (Exhibit B21F/123). Most exams record attention as simply not impaired (Exhibit B21F/5/12/18). Her fundamentals of knowledge are intact with adequate insight and judgment. There are no recorded complaints of detrimental medication side effects.

R. 592.

While it appears that the Commissioner agrees that the ALJ did not specifically address this evidence, the Commissioner asserts that Claimant cannot prevail because the ALJ did consider ARNP's exam from the same date—December 26, 2019—and considered the nurse's treatment notes, which indicate Claimant's diagnoses, "as she discussed [Claimant's] examinations with

ARNP Oliveira from July 2019 through March 2021." *Id*. at 30.  The Commissioner also points out that the ALJ cited to "various testimonials of her subject complaints" regarding her panic attacks and the agoraphobia.  *Id*.  The Commissioner adds that ARNP Oliveira's statement that Claimant is unable to work is neither valuable nor persuasive evidence under the new regulations.[1]

Further, the Commissioner argues that the ALJ fully considered the persuasiveness of ARNP Oliveira's July 9, 2019 and July 7, 2020 medical opinions and Claimant "fails to contend the ALJ made any errors in her consideration of those [opinions]." *Id*. at 31-32.  Overall, the Commissioner responds that the ALJ fully discussed Claimant's subjective complaints and ARNP Oliveira's treatment notes during the relevant period, including discussing ARNP Oliveira's actual medical opinions after her December 2019 letter." *Id*. at 33.  The Commissioner asserts that "remand for the ALJ to address any alleged error resulting from the ALJ allegedly not discussing specific evidence would serve no practical purpose, would not alter the ALJ's findings, and would be a waste of judicial and administrative resources." Doc. 26 at 33.

The undersigned does not agree.  "A reviewing court examines *de novo* whether the ALJ has complied with a remand order." *Maxwell v. Comm'r of Soc. Sec.*, 778 F. App'x 800, 802 (11th Cir. 2019).  An ALJ is required to "take any action that is ordered by the Appeals Council." 20 C.F.R. § 416.1477(b).  "[C]ourts in this Circuit have held that an ALJ's failure to take specific action mandated by the Appeals Council on remand is reversible error because it obviates an ALJ's duty to fully and fairly develop the record." *Ross v. Comm'r of Soc. Sec.*, 2013 WL 5236680, at *3 (M.D. Fla. Sept. 17, 2013).  In *Ross*, a judge in this District explained the following:

---

[1] While Claimant's original application was filed before March 27, 2017—the effective date of the Social Security Administration's revised regulations—the portion of the Appeals Council's directive at issue concerns Claimant's subsequent claim for disability benefits dated February 14, 2020.  R. 692.  Accordingly, it appears that the Commissioner is correct to apply the revised regulations to Claimant's argument.

> [A] court "may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate." *Apone v. Comm'r of Soc. Sec.,* 435 Fed. Appx. 864, 865 (11th Cir. 2011) (unpublished) (quoting *Piambino v. Bailey,* 757 F.2d 1112, 1119 (11th Cir. 1985)).
>
> The burden is on the claimant to prove the existence of a disability under the Social Security Act. *Carnes v. Sullivan,* 936 F.2d 1215, 1218 (11th Cir. 1991) (citing *Brady v. Heckler,* 724 F.2d 914, 918 (11th Cir. 1984)). However, because a hearing before an ALJ is non-adversarial, the ALJ retains the basic duty to "fully and fairly develop the record" even when a claimant is represented by counsel. *See Graham v. Apfel,* 129 F.3d 1420, 1422 (11th Cir. 1997). As the Magistrate Judge discussed in the R & R, courts in this Circuit have held that an ALJ's failure to take specific action mandated by the Appeals Council on remand is reversible error because it obviates an ALJ's duty to fully and fairly develop the record. (Doc. No. 20 at pp. 4-5 (citing *Tauber v. Barnhart,* 438 F. Supp. 2d 1366, 1375-76 (N.D. Ga. 2006) (remanding case because the ALJ did not comply with Appeals Council's remand order); *Bolen v. Astrue,* 2008 U.S. Dist. LEXIS 19417, 2008 WL 694712 (S.D. Ala. Mar. 12, 2008) (reversing final decision of ALJ because ALJ did not comply with Appeals Council's remand order); *Rease v. Barnhart,* 422 F. Supp. 2d 1334, 1375 (N.D. Ga. 2006); *Fincher v. Astrue,* 2008 U.S. Dist. LEXIS 23316, 2008 WL 821855 at *2 (M.D. Ga. Mar. 25, 2008))).
>
> This Court agrees with the Magistrate Judge that the above-referenced cases are highly persuasive as applied to this case. The record is devoid of any indication that the ALJ addressed the pharmacy information slips, as required by the Appeals Council's remand order. While the Commissioner urges this Court to accept the notion that the ALJ *implicitly* considered and rejected the pharmacy information slips, it would be an impossible task for this Court to construe what weight, if any at all, the ALJ might have accorded that evidence. As a result, this Court finds that the ALJ did not consider the new evidence, and thus failed to "fully and fairly develop the record." *See Graham* 129 F.3d at 1422. The ALJ's failure to explicitly "address the evidence which was submitted with request for review" is an error of law, which requires remand for further proceedings.

*Ross*, 2013 WL 5236680, at *2-3 (M.D. Fla. Sept. 17, 2013).

In the instant case, while the ALJ discussed ARNP Oliveira's treatment notes and exams, it is undisputed that she did not address the December 26, 2019 Diagnosis Letter despite the Appeals Council's directive. Even if the ALJ's decision discussed other evidence from ARNP Oliveira records and Claimant's subjective complaints that mirror part of the content found in the Diagnosis Letter, that does not satisfy the ALJ's task of developing the record.

The Commissioner's point is well-taken that the ALJ did address ARNP Oliveira exam notes from the same date as the Diagnosis Letter—December 26, 2019.  Indeed, the December 26, 2019 exam notes also discuss the medications, dosages, and diagnoses and, therefore, it seems at first blush that any error is harmless.  However, the Diagnosis Letter includes additional information such as the length of the psychiatric treatment, the frequency of the panic attacks, and it specifies that the Agoraphobia is the reason Claimant "does not leave her home."  R. 1123.  Since the ALJ did not discuss this evidence or cite to it anywhere in the decision, the undersigned does not find that the record was sufficiently developed.

But regardless of any overlap in the evidence and Claimant's subjective complaints, it is not the role of the Court to provide a *post hoc* rationalization to justify the decision.  The Eleventh Circuit has held that "a court may not accept . . . counsel's *post hoc* rationalizations for agency actions."  *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (citation omitted).  Instead, "[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order."  *Id.*   (citation omitted). Thus, the undersigned declines to accept any *post hoc* argument.  *Pyle v. Kijakazi*, 2022 WL 2402825, at *3 (M.D. Fla. Mar. 24, 2022) ("Post hoc rationalizations of litigating counsel do not provide the basis for judicial review of an administrative decision") (citing *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm Mut. Auto. Insur. Co.*, 463 U.S. 29, 50 (1983); *Baker*, 384 Fed. Appx. 893, 896 (11th Cir. 2010)).  So, even if the information found in the Diagnosis Letter regarding the panic attacks and inability to leave the home appears elsewhere in ARNP Oliveira's record and Claimant's testimony, the undersigned is not persuaded that its presence relieves the ALJ of the obligation to address the evidence at issue.

Similarly, since the ALJ did not specifically address the Diagnosis Letter or even cite to the document in the decision, to find that the ALJ's decision is supported by substantial evidence would require the Court to reweigh the evidence to include a review of that evidence, which is improper. *See Winschel*, 631 F.3d at 1178. The Appeals Council gave the ALJ a mandate to "address the evidence," which she did not do. The undersigned disagrees with the Commissioner that it would be a waste of judicial and administrative resources to remand in order for the ALJ to address the alleged error because without compliance with the Appeals Council's directive there can be no meaningful review. In other words, the undersigned finds that it is impossible to speculate that the ALJ's findings would not be altered if the ALJ considered the Diagnosis Letter as the Commissioner invites the Court to do. Accordingly, the undersigned recommends that to find that the ALJ was not required to address this evidence would inappropriately alter the Appeal's Council's order.[2]

## IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that the final decision of the Commissioner be **REVERSED** and **REMANDED**.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure

---

[2] The undersigned notes that the Commissioner is correct that under the revised regulations the ALJ was not required to comment on the portion of the Diagnosis Letter that included ARNP Oliveira's determination that Claimant is unable to work. *See Jones v. Comm'r of Soc. Sec.*, 2021 WL 4352383, at *5 (M.D. Fla. Sept. 24, 2021) (finding an ALJ does not have to consider or discuss a conclusion that the claimant was unable because this is an issue reserved for the Commissioner) (citing 20 C.F.R. § 1520b(c)). The Diagnosis Letter, however, included other information as discussed in this report.

to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 4, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy